IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAMELA D. LUSHER )<br>)<br>Plaintiff, )<br>v. )<br>)<br>HARBOR FREIGHT TOOLS )<br>USA, INC., a corporation, )<br>)<br>Defendant. ) | CASE NO.: 1:17-cv-177<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES NOW the Plaintiff, PAMELA D. LUSHER, and asserts the following claims against HARBOR FREIGHT TOOLS USA, INC., a corporation; to-wit:

### Parties

1. Pamela D. Lusher is an individual over the age of majority and is a resident citizen of Alabama.

2. Harbor Freight Tools USA, Inc. is a California corporation, whose principal place of business is Calabasas, California.

3. Harbor Freight Tools USA, Inc. is qualified to do business in Alabama.

4. Harbor Freight Tools USA, Inc. owns and operates a Harbor Freight Tools USA, Inc. store #00327 located at 2821 Reeves St., Dothan, Alabama 36303, which is located in Houston County, Alabama.

## Jurisdiction

5. Jurisdiction is founded on 28 U.S.C. § 1332(a)(1), which grants this Court jurisdiction in civil actions on the basis of diversity of citizenship where the matter in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

6. The parties are diverse, because Ms. Lusher is a resident citizen of Alabama, and Harbor Freight Tools USA, Inc. is a California corporation.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a)(2), which says that venue is appropriate in a jurisdiction "in which a substantial part of the events or omissions giving rise to the claim occurred."

8. The incident giving rise to this complaint occurred at a Harbor Freight Tools USA, Inc. store #00327 located at 2821 Reeves St., Dothan, Alabama 36303 (Houston County), Alabama, which sits in the Southern District of Alabama, Southern Division.

## Facts

9. On November 23, 2016, Ms. Lusher was a customer at Harbor Freight Tools USA, Inc. store #00327 located at 2821 Reeves St., Dothan, Alabama 36303 (Houston County).

10. Ms. Lusher, after completing her shopping at Harbor Freight Tools USA, Inc., was exiting the store with her mother and sister.

11. Ms. Lusher traveled along the front of the building on the sidewalk toward her vehicle that was parked in the parking lot. In the area of the parking lot where the sidewalk ends, there is white cross hatch painting.

12. The white cross hatch painted area of the parking lot begins as soon as Ms. Lusher stepped from the sidewalk.

13. As soon as Ms. Lusher stepped from the sidewalk onto the white cross hatch painted area of the parking lot her feet suddenly slipped out from under her causing her to violently fall onto a pallet jack that was left there in the area where she was walking.

14. Ms. Lusher's feet slipped out from under her on a piece of white colored plastic binding that was present on the concrete on top of one of the white cross hatches.

15. There were no "wet floor" signs or any other kind of sign or any device such as an orange caution cone to warn her of the presence of white colored plastic bindings on the concrete.

16. Harbor Freight Tools USA, Inc. knew or in the exercise of reasonable care should have known that the area of the parking lot that contains white cross hatch painting was unreasonably dangerous once debris, particularly white colored plastic bindings, were left on the walking surface.

17. The white colored plastic bindings and lack of a warning about them caused Ms. Lusher's fall and her injuries.

18. Ms. Lusher was severely injured when she fell.

19. Ms. Lusher sustained the following injuries, damages and harm:

   a. a right femur fracture that required open reduction internal fixation (ORIF) with rod and screws;

   b. hospitalization at Southeast Alabama Medical Center;

   c. in-patient and out-patient physical rehabilitation and therapy, including Healthsouth Rehabilitation Hospital;

   d. in-home assistance with the activities of daily living which she continues to receive;

   e. physical pain;

   f. mental anguish and emotional distress, including fright,
   g. nervousness, grief, anxiety, worry, humiliation, shock, embarrassment, apprehension, and ordeal;

   h. permanent physical injury/disfigurement;

    i.     costs of medical care and prescription medication;

    k.    out-of-pocket costs such as co-pays and deductibles;

    l.     loss of dignity;
    m.   lost wages; and

    n.    loss of enjoyment of life.

## Count 1: Negligence

20. Ms. Lusher adopts and incorporates by reference all preceding paragraphs, as if fully set out here.

21. On November 23, 2016, Harbor Freight Tools USA, Inc. owed Ms. Lusher the following duties of reasonable care:

    a.    to provide and maintain a reasonable level of safety in the areas where Ms. Lusher would be present as a customer while exiting the Harbor Freight Tools USA, Inc. store #00327 located at 2821 Reeves St., Dothan, Alabama 36303;

    b.    to undertake a reasonable inspection of the area where Ms. Lusher would be present as a customer while exiting the Harbor Freight Tools USA, Inc. store #00327 located at 2821 Reeves St., Dothan, Alabama 36303;

    c.    to warn customers like Ms. Lusher about dangerous or unsafe conditions in the areas such as the area where Ms. Lusher was walking while exiting the store where Harbor Freight Tools USA, Inc. knows customers will be; and

    d.    even if Harbor Freight Tools USA, Inc. believed, knew, or says that the white colored plastic binding on top of the white cross hatches in the area where Ms. Lusher was present was a hazard that was open and obvious to Ms. Lusher, Harbor Freight Tools USA, Inc. had a duty to exercise reasonable care if it should have anticipated Ms. Lusher's harm.

22.    Harbor Freight Tools USA, Inc. breached these duties.

23.    Harbor Freight Tools USA, Inc. breached these duties when it:

    a.    failed to reasonably operate the store, including the outlying areas;

    b.    failed to reasonably maintain the area where Ms. Lusher fell;

    c.    failed to reasonably manage the area where Ms. Lusher fell;

    d.    failed to reasonably inspect the area where Ms. Lusher fell;

    e.    failed to give reasonable warning of the unsafe condition of the area where Ms. Lusher fell; and

    f.    allowed an unsafe and hazardous condition to exist.

24.    Harbor Freight Tools USA, Inc's breaches of its duties proximately caused Ms. Lusher's fall and harm described in the previous paragraphs.

## Count 2: Wantonness

25.    Ms. Lusher adopts and incorporates by reference all preceding paragraphs, as if fully set out here.

26. On November 23, 2016, Harbor Freight Tools USA, Inc. owed Ms. Lusher the following duties of reasonable care:

    a. to provide and maintain a reasonable level of safety in the areas where Ms. Lusher would be present as a customer while exiting the Harbor Freight Tools USA, Inc. store #00327 located at 2821 Reeves St., Dothan, Alabama 36303;

    b. to undertake a reasonable inspection of the area where Ms. Lusher would be present as a customer while exiting the Harbor Freight Tools USA, Inc. store #00327 located at 2821 Reeves St., Dothan, Alabama 36303;

    c. to warn customers like Ms. Lusher about dangerous or unsafe conditions in the areas such as the area where Ms. Lusher was walking while exiting the store where Harbor Freight Tools USA, Inc. knows customers will be; and

    d. even if Harbor Freight Tools USA, Inc. believed, knew, or says that the white colored plastic binding on top of the white cross hatches in the area where Ms. Lusher was present was a hazard that was open and obvious to Ms. Lusher, Harbor Freight Tools USA, Inc. had a duty to exercise reasonable care if it should have anticipated Ms. Lusher's harm.

27. Harbor Freight Tools USA, Inc. breached these duties.

28. Harbor Freight Tools USA, Inc. breached these duties when it:

    a. failed to reasonably operate the store, including the outlying areas;

b. failed to reasonably maintain the area where Ms. Lusher fell;

c. failed to reasonably manage the area where Ms. Lusher fell;

d. failed to reasonably inspect the area where Ms. Lusher fell;

e. failed to give reasonable warning of the unsafe condition of the area where Ms. Lusher fell; and

f. allowed an unsafe and hazardous condition to exist.

29. Harbor Freight Tools USA, Inc.'s breaches of its duties proximately caused Ms. Lusher's fall and harm described in the previous paragraphs.

WHEREFORE, on the basis of the foregoing, the plaintiff requests that the jury selected to hear this case render a verdict for her and against Harbor Freight Tools USA, Inc. for compensatory damages in the amount that will adequately compensate her for the harm she sustained and for exemplary/punitive damages in an amount that will adequately reflect the wrongfulness of Harbor Freight Tools USA, Inc.'s conduct and to prevent it (and others) from the same sort of conduct in the future. Further, the plaintiff requests that the Court enter judgment on the jury's verdict and award costs and interest to the plaintiff.

Respectfully submitted,

/s/ Jeffrey C. Kirby
Jeffrey C. Kirby
One of the attorneys for the Plaintiff

Of Counsel for Plaintiff:
Jeffrey C. Kirby (ASB-7574-I66J)
William T. Johnson, III (ASB-2310-M69J)
Chandler O. Kirby (ASB-7984-Q37U)
Kirby Johnson, P.C.
One Independence Plaza Drive, Suite 520
Birmingham, AL 35209
(205) 458-3553 [telephone]
(205) 458-3589 [facsimile]
jkirby@kirbyjohnsonlaw.com

Albert H. Adams, Jr. (ASB-4627-A58A)
Law Office of Albert H. Adams, Jr., P.C.
P. O. Box 670
Eufaula, AL 36072-0670
(334) 687-1326 [Telephone]
(866) 910-9989 [Facsimile]
albertadamslaw@aol.com

## Jury Demand

Plaintiff demands a jury trial on all issues in this action.

_____
Jeffrey C. Kirby
One of the attorneys for the Plaintiff

## Request for Certified Mail Service by the Clerk

Plaintiff hereby requests the Clerk of the Court to serve the defendant by certified mail, return receipt requested, at the following address:

Harbor Freight Tools USA, Inc.
26541 Agoura Rd
Calabasas, California 91302